Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Carmen Cornier<br><br>Apelada<br><br>vs.<br><br>Universal Insurance Company; ACME<br><br>Apelante | KLAN202400790 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2023CV03112<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de noviembre de 2024.

Comparece ante Universal Insurance Company (Universal o apelante), y nos solicita la revocación de la "Sentencia" emitida el 23 julio de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante dicho dictamen, el foro primario declaró Con Lugar la "Demanda" sobre daños y perjuicios presentada por la señora Carmen L. Cornier (Sra. Cornier o apelada), y condenó a Universal al pago de $48,000.00 en concepto de daños físicos.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen del TPI por los fundamentos que expondremos a continuación.

**I.**

El 5 de junio de 2023, la Sra. Cornier presentó una "Demanda" sobre daños y perjuicios contra Universal, como aseguradora de la Ferretería Minillas (True Value) de Bayamón

---

[1] Notificada el 29 de julio de 2024.

Número Identificador

SEN2024 _____

(Ferretería Minillas). En resumidas cuentas, alegó que, el 21 de noviembre de 2021, mientras se encontraba haciendo compras en la Ferretería Minillas, "se tropezó, con una pata de una mezcladora de cemento, la cual estaba mal ubicada, e invadía el pasillo abierto a tráfico, la susodicha pata era imperceptible a la vista".[2] Adujo que, como consecuencia de dicha caída, experimentó daños físicos y emocionales, los cuales incluían traumas severos en su espalda, hombros, pecho y brazo izquierdo, los cuales culminaron en una intervención quirúrgica de su brazo izquierdo y terapias físicas. A raíz de lo anterior, arguyó que todos sus daños fueron resultado de la actuación culposa y/o negligente de Universal, toda vez que, al no organizar adecuadamente el inventario, se quebrantó "la diligencia y/o cuidado correspondiente en el mantenimiento y seguridad de las facilidades del establecimiento comercial".[3]

En su "Contestación a Demanda",[4] Universal negó gran parte de las alegaciones contenidas en la reclamación, y sostuvo que el accidente, de haber ocurrido, fue el resultado de la propia negligencia de la apelada.

Luego de varios trámites procesales, el 9 de julio de 2024, se celebró el juicio en su fondo. En este, testificó la Sra. Cornier y la Sra. Waleska Cruz Falcón, representante de la Ferretería Minillas (Sra. Cruz Falcón). Evaluada la prueba desfilada, el 23 de julio de 2024,[5] el TPI emitió "Sentencia" y concluyó que la Ferretería Minillas incumplió con su deber y obligación de adoptar medidas necesarias y razonables para evitar que sus clientes sufrieran daños. Entendió que, el hecho de que la mezcladora estuviera invadiendo el pasillo, obstruyendo el sano transcurrir de los peatones y sin que mediara ninguna medida cautelar, creó una condición de peligrosidad a la cual estuvo expuesta la apelada. El

---

[2] *Véase* alegación número 5 de la "Demanda", pág. 1 del apéndice.
[3] *Véase* alegación número 7 de la "Demanda", pág. 2 del apéndice.
[4] Enmendada el 10 de julio de 2023.
[5] Notificada el 29 de julio de 2024.

TPI fundamentó su determinación en la evidencia desfilada en juicio, incluyendo una foto que mostraba la entrada del establecimiento y la mezcladora con la cual tropezó la Sra. Cornier.

Además, el foro primario señaló que, según los testimonios de la apelada y la Sra. Cruz Falcón, el área donde ocurrieron los hechos no se encontraba rotulada con ningún tipo de advertencia en cuanto a su peligrosidad. Añadió que, aunque existía un protocolo para el manejo de videos de cámara de seguridad, este fue violentado y, como resultado de ello, el video de los hechos no se preservó. Sobre este particular, acentuó que resultaba preocupante el hecho de que el empleado que violentó dicho protocolo no sufrió repercusiones por su incumplimiento.

No obstante lo anterior, el TPI determinó que, como la mezcladora es un objeto grande y anaranjado, era necesario adjudicarle un porcentaje de negligencia comparada a la apelada, quien pudo haber sido más precavida al caminar por el área. En cuanto a la valoración de los daños, el foro primario consideró que la Sra. Cornier experimentó una larga convalecencia, ya que la lesión del hombro izquierdo provocó una intervención quirúrgica que inmovilizó su brazo por dos semanas y, además, requirió varias terapias físicas. Asimismo, consideró que las lesiones en el cuello, codo, manos, rodillas y pecho le generaron dolor crónico a la apelada. En vista de lo anterior, y utilizando como referencia los casos de *Ramos v. Fidelity,* 85 DPR 353 (1962) y *Ana Olivencia v. Mun. De Utuado,* KLAN201500772,[6] el TPI calculó los daños físicos en $60,000.00. Sin embargo, redujo a dicha cantidad el 20% correspondiente a la negligencia comparada, para una suma total

---

[6] En el primer caso, nuestro Tribunal Supremo otorgó $6,800 por una fractura de mano que ocasionó dolor e hinchazón que le impidió a la demandante dormir, y además requirió diversos tratamientos médicos. Ajustado al valor actual, los daños ascenderían a $42,476.71. En el segundo caso citado, este foro apelativo confirmó la otorgación de $50,000 por concepto de daños físicos, debido a una lesión en un hombro que requirió intervención quirúrgica y terapias físicas. Según la "Sentencia" del TPI, el valor ajustado a la actualidad sería de $58,938.35.

por daños físicos de $48,000.00, más costas e intereses a razón de 9.50%.

Inconforme con dicha determinación, Universal recurre ante este foro apelativo intermedio y alega la comisión de los siguientes errores, a saber:

*Primer Señalamiento de Error*

*Cometió error manifiesto y abusó de su discreción el Tribunal de Primera Instancia al determinar, que la parte demandada incurrió en un acto negligente por el cual se le deba imputar responsabilidad por los daños sufridos por la parte demandante en ausencia de una estricta base de correspondencia con la prueba testifical y documental.*

*Segundo Señalamiento de Error*

*Cometió error manifiesto y abusó de su discreción el Tribunal de Primera Instancia, al descartar que la causa eficiente que causó los daños obedeció a la negligencia de la parte demandante conforme la doctrina de asunción de riesgo.*

*Tercer Señalamiento de Error*

*Erró el Tribunal de Primera Instancia en la indemnización concedida a la parte apelada por daños físicos y angustias mentales por resultar contrario a la normativa jurisprudencial de valoración.*

Mediante "Resolución" emitida el 28 de agosto de 2024, concedimos a la apelada un término de 20 días para presentar su alegato en oposición, a computarse desde la fecha en que el apelante presentase su alegato suplementario. El apelante sometió su alegato suplementario el 4 de octubre de 2024, por lo que, el 7 de octubre de 2024, emitimos otra "Resolución" solicitándole a la apelada el cumplimiento con lo ordenado por este Tribunal en la "Resolución" del 28 de agosto de 2024, cuyo término vencía el 28 de octubre de 2024. A su vez, le apercibimos que, de no comparecer dentro de dicho término, procederíamos a dar por perfeccionado el caso y a resolverlo sin su comparecencia. Transcurrido en exceso el plazo concedido para presentar su alegato en oposición, procedemos a resolver.

**II.**

**A.**

La teoría de daños y perjuicios basada en el Art. 1536 del Código Civil, 31 LPRA sec. 10801, establece que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". Para hacer una reclamación bajo dicho precepto es necesario que concurran los siguientes elementos: (1) un acto u omisión negligente o culposa; (2) un daño, y (3) la relación causal entre el acto u omisión culposo o negligente y el daño sufrido. *Nieves Díaz v. González Massas,* 178 DPR 820, 843 (2010). Así pues, el peso de la prueba corresponde a la parte demandante, a quien le corresponderá demostrar sus daños y la responsabilidad de la parte demandada. *Colón y otros v. K-Mart y otros*, 154 DPR 510, 521 (2001).

Sabido es que la culpa o negligencia implica la ausencia del debido cuidado, que se manifiesta en la falta de previsión de las consecuencias lógicas de un acto o de la omisión, que una persona prudente habría anticipado en circunstancias similares. *Toro Aponte v. E.L.A,* 142 DPR 464, 473 (1997). Una omisión genera responsabilidad civil si: (1) existe un deber jurídico de actuar por parte del supuesto causante del daño, y (2) si llevar a cabo la acción omitida habría evitado el daño. *Id.* en la pág. 474; Véase también *Arroyo López v. E.L.A.*, 126 DPR 682 (1990).

Cónsono con lo anterior, nuestro ordenamiento reconoce un deber jurídico a los establecimientos comerciales de tomar medidas cautelares para salvaguardar la seguridad de sus clientes. *Colón y Otros v. K-Mart, supra,* en la pág. 519; *Cotto v. C.M. Ins. Co.*, 116 DPR 644 (1985). Así pues, los establecimientos responden por los daños ocasionados por condiciones peligrosas que generen, ya sea con sus actos u omisiones, siempre que estas sean conocidas o su

conocimiento le sea imputable. *Colón y Otros v. K-Mart, supra,* en la pág. 520; *Cotto v. C.M. Ins. Co., supra,* en la pág. 650.

**B.**

El Tribunal Supremo de Puerto Rico ha resuelto que los tribunales apelativos no debemos intervenir con la valoración de daños que realiza el tribunal de instancia, salvo cuando la cuantía concedida resulta ridículamente baja o exageradamente alta. *Santiago Montañez v. Fresenius Medical,* 195 DPR 476, 490 (2016); *Meléndez Vega v. El Vocero de PR,* 189 DPR 123, 203 (2013). La base para esa estimación lógicamente es la prueba aportada, cuya apreciación por el foro primario está cobijada por una presunción de que fue correcta. Regla 42.2 de Procedimiento Civil, *supra*; *Blás v. Hosp. Guadalupe,* 146 DPR 267 (1998). La ausencia de proporcionalidad entre los daños probados y la indemnización concedida es base para variar una indemnización en el proceso de apelación. En cambio, si la indemnización se ajusta a la concedida en casos anteriores similares, ajustada al valor presente, se presume razonable y no debe ser alterada en apelación. *Herrera, Rivera v. S.L.G. Ramírez-Vincéns,* 179 DPR 774, 787 (2010). Esto, a pesar de que no existan dos casos exactamente iguales y sean distinguibles según sus circunstancias particulares. *Santiago Montañez v. Fresenius Medical, supra*, en la pág. 491.

De igual forma, en *Meléndez Vega v. El Vocero de PR, supra*, en la pág. 204, nuestro Más Alto Foro reiteró que, a pesar de que la tarea de valoración de daños puede generar múltiples criterios, tal tarea debe residir, dentro de lo posible, en el juicio del juzgador de los hechos, enmarcado dentro de un análisis de razonabilidad. De no existir algún error manifiesto, parcialidad o prejuicio en tal apreciación, no corresponde nuestra intervención. *Íd.*

**III.**

En su recurso, Universal argumenta que erró el TPI en su apreciación de la prueba y al determinar que la apelante incurrió en negligencia. Argumenta que la causa directa de los daños sufridos por la Sra. Cornier fue su propia negligencia, puesto que este última no actuó de manera prudente y razonable cuando caminaba por la Ferretería Minillas. No le asiste la razón.

Luego de una lectura sosegada de la totalidad del expediente, incluyendo la transcripción del juicio, determinamos que el foro primario no erró en su apreciación de la prueba y adjudicación de credibilidad de los testigos. Como es sabido, las determinaciones del foro primario le cobijan una presunción de corrección, ya que fue dicho Tribunal, obrando como juzgador de hechos, quien tuvo ante sí y pudo aquilatar la prueba. Por tanto, ante una ausencia de pasión, prejuicio, parcialidad o error manifiesto, no se justifica la intervención de este foro apelativo.

En el presente caso, el foro primario identificó un daño, un deber jurídico del apelante, un incumplimiento con ese deber jurídico que resultó en una omisión negligente, y el nexo causal entre el daño y dicha omisión. Ninguna de las antedichas determinaciones nos resulta irrazonables frente a la prueba desfilada, pues se pudo establecer que la Universal creó una condición de peligrosidad y estuvo consciente de ello, mas no lo corrigió. Igualmente, se logró evidenciar que, a raíz del accidente en la Ferretería Minillas, la Sra. Cornier estuvo convaleciendo, que fue sometida a una intervención quirúrgica dolorosa que limitó su independencia, y que actualmente sigue experimentando dolor en su brazo.

Adicionalmente, la Universal arguye que la apelada actuó negligentemente al ignorar la mezcladora, siendo este un objeto de gran tamaño y de color anaranjado, por lo que entiende hubo una

desproporción entre las causas del daño. Sin embargo, el foro primario, en atención a los hechos que nos resalta la apelante, hizo lo apropiado e impuso a la apelada negligencia comparada y consecuentemente redujo la cuantía otorgada por un veinte por ciento (20%).

Finalmente, Universal argumenta que la cantidad otorgada en concepto de daños fue una suma exagerada, desproporcional y punitiva. Resolvemos que el TPI tampoco erró en la valoración de los daños. Como se resaltó anteriormente, el foro primario, en ausencia de precedente idéntico, hizo un ejercicio de analogía y recurrió a jurisprudencia y fuentes persuasivas cuyos daños fueron lo suficientemente semejantes a los hechos ante nuestra consideración. Siendo la cantidad otorgada una fundamentada en precedente, no podemos concluir que dicha suma sea una exageradamente alta o punitiva. Recordemos, que esta Curia le debe deferencia al foro primario cuando se trata de una estimación lógica y razonable.

Por las razones que anteceden, procede la confirmación de la "Sentencia" apelada.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, se confirma la "Sentencia" apelada emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones